IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE DALE STONEHILL )<br>Co-Executor and Co-Special Administrator )<br>Estate of Harry S. Stonehill )<br>Calle Guillermo Tell 14 )<br>Churriana 29140 Malaga, ESP )<br>     )<br>    **Plaintiff** )<br>     )<br>v. )<br>     )<br>CENTRAL INTELLIGENCE AGENCY )<br>Washington, D.C. 20505 )<br>     )<br>    **Defendant** )<br>_____ ) | Civil Action No. : |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Pauline Dale Stonehill, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill ("Stonehill"), by and through her undersigned counsel, brings this action for Declaratory and Injunctive Relief against the Central Intelligence Agency ("CIA") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## **NATURE OF ACTION**

1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") to obtain agency records that the CIA has improperly withheld from Mrs. Stonehill, the Co-executor and Co-administrator of her husband's estate. The withheld documents relate to the Government's role in the investigation and wiretapping of Stonehill, the subsequent illegal raids

on his businesses in the Philippines in 1962 and the use of Stonehill's lawyer as a government informant.

8.      The CIA's refusal to respond to Mrs. Stonehill's FOIA request is part of the decades-long effort by the Government, to delay and to prevent disclosure of documents which show government misconduct during the original Stonehill investigation and its participation in the subsequent raids which were precipitated by an American Embassy cable that said:

> It is imperative for American Interests in the Philippines that some way be found to get Stonehill out of the Philippines and break his stranglehold here…the only attack that can be made on Stonehill is through the IRS.[1]

Seven weeks later, seventeen Stonehill corporations were raided by the Philippine National Bureau of Investigation ("NBI") and Stonehill was arrested and deported. FBI documents reflect that J. Edgar Hoover personally oversaw the raids and related strategy. In connection with the original underlying litigation, the FBI advised the DOJ there is "much in the file of an **administrative** and security nature that we would not want defendants to see." Only as recently revealed by a scholarly book on J. Edgar Hoover, has it been disclosed that he had developed a scheme to divide the investigative file into two parts, with one part labelled "administrative," in which he had agents place illegal wiretapping evidence and the like, so as to avoid having to disclose it as part of the "investigation file."[2]

---

[1] Memorandum dated January 10, 1962 from Robert Chandler, Revenue Service Representative in Manila to C. I. Fox, Director, IRS Office of International Operations.
[2] J. EDGAR HOOVER, The Man and the Secrets, Curt Gentry at 374.

9,   As detailed herein, over several decades and continuing to the present, the efforts of Mr. Stonehill, when he was alive, and his wife as his executor, to obtain vital documents from the federal government through various FOIA requests have been thwarted through various government wrongdoing, apparently ranging from mere negligence and sloth, to false statements and representations to various courts, to outright apparent document destruction of incriminating documents, to which we believe culpable individuals were given access. The documents that Stonehill seeks to have the court compel production have already been or readily could be assembled by the government—the requests addressed herein are very focused, and the government has asserted no ground, much less good ground, for its continued failure to produce them - - thus necessitating this action.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. §1331.

11.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 (e).

## PARTIES

12.   Plaintiff is the Co-Executor and Co-Special administrator of the Estate of Harry S. Stonehill, and she resides at Calle Guillermo Tell 14, Churriana 29140, Malaga, Spain.

13. The Defendant is an agency of the United States and is headquartered in McLean Virginia, 22101.[3] Defendant has possession, custody and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

### The Original Proceedings

14. In 1962, Philippine authorities conducted warrantless raids of Stonehill's Philippine enterprises.

15. The Philippine government then provided seized documents to the United States, and the United States used these materials to commence both civil and criminal tax proceedings against Stonehill.

16. The criminal proceedings in New York ended in an acquittal following a bench trial.

17. In the civil tax litigation, Stonehill moved to suppress the seized documents on the theory that the United States, acting without a warrant, actually instigated and helped plan the raids in violation of the Fourth Amendment to the United States Constitution.

18. The Government vehemently denied these charges to both the United States District Court of California and the United States Court of Appeals for the Ninth Circuit.("Ninth Circuit")

19. After producing a handful of documents related to Government instigation and participation in the raids during the suppression hearings in 1967, the Government further represented to the Ninth Circuit that "[e]very piece of relevant correspondence, memoranda,

---

[3] The CIA's mailing address is Washington, D.C. 20505

4

cablegrams etc. whose existence has been identified in either the extensive discovery conducted on behalf of the taxpayers or at the trial had been produced."

20. In reliance on the Government representations, a divided Ninth Circuit panel found that the Government did not instigate or help plan the raids, which they acknowledged would be illegal if instigated by the U.S. *See Stonehill v. United States*, 405 F. 2d 738 (9th Cir. 1968)

21. The dissenting judge concluded that, despite Government representations otherwise, the evidence indicated that the Government instigated and helped plan the raids without a warrant, thereby rendering the search illegal. See *id.* (Browning, J., dissenting).

22. The Government ultimately obtained a tax judgment against Stonehill in 1984 and receivership proceedings continued for twelve years thereafter. The Government economically destroyed Stonehill.

### Rule 60(b) Proceedings

23. After obtaining documents from the FBI and the State Department that contained evidence that FBI attaché Robert Hawley had lied when testifying during the suppression hearings, Stonehill filed a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) on April 25, 2000.

24. During more than a decade of inordinately protracted FOIA and Rule 60(b)(6) litigation- -in which progressive "discoveries" of documents by the IRS led **five documents**[4] to become **eight boxes of documents**, to become **ninety-four boxes of documents**--critical

---

[4] On March 15, 2001, the original IRS Disclosure Officer, Stephen Fletcher admitted that his original claim, that only 5 responsive documents could be found, was false. Fletcher informed Stonehill's counsel that the documents originally requested were located in the IRS Associate Chief Counsel's Office.

5

documents were unexpectedly "lost." At the end of a two-year review process, the IRS reported that the box containing the Tax Division attorney notes for preparation of the Chief Counsel's May 20, 1966 memorandum, detailing government participation in the raids and wiretapping, was missing. Similarly, documents stored in a Criminal Division safe, which Tax Division attorneys in the Rule 60(b) proceeding were allowed to access, were suddenly lost one year after the Tax Division insisted that Stonehill file an FOIA request with the Criminal Division to obtain access to the same documents.

### Ninth Circuit Court of Appeal's Remand

25.     During Stonehill's review of the newly "discovered" eight boxes of IRS documents located in the Associate Chief Counsel's Office, on August 28, 2001, the District Court denied Stonehill's motion to stay the proceeding and denied Stonehill's Rule 60(b) motion. Stonehill appealed this decision to the Ninth Circuit Court of Appeals on January 31, 2002.

26.     On December 19, 2002, the Ninth Circuit remanded the case and directed the District Court to help Stonehill obtain additional relevant documents.

### FOIA and Rule 60 (b) Litigation

27.     During the eight years following the Ninth Circuit remand, documents were slowly produced during the course of additional IRS FOIA litigation and as a result of limited discovery ordered by the District Court.

28.     The documents produced revealed U.S. planning and participation by the IRS, the CIA and the FBI (under the direction of J. Edgar Hoover) in both the raids and the wiretapping.

29. The documents produced also revealed that the initial IRS investigation of Stonehill, which had been closed in 1958, had been reopened in April 1960 following receipt of confidential information from Stonehill's Honolulu attorney, William Saunders ("Saunders"), who was identified in the April 27, 1960 IRS report as an informant.

30. At the time Saunders was providing confidential information to the IRS and the U.S. Attorney in Honolulu, he was under investigation by the IRS.

31. Following the inadvertent release of a small portion of CIA redacted documents from the IRS, DOJ and the FBI, Stonehill learned that the Philippine National Bureau of Investigation ("NBI") agents, Domaso Nocon ("Nocon") and Jose Lukban ("Lukban"), who led the Philippine investigation and the raids, were likely CIA agents and that the FBI and the CIA had assisted the NBI in wiretapping Stonehill.

32. On July 14, 2010, the District Court denied Stonehill's motion to vacate the judgment. The CIA met privately with the Judge about the matter prior to his decision—he acknowledged that fact but not what was discussed.

33. On September 8, 2010, Stonehill appealed the District Court's decision.

34. On September 28, 2011 the Court of Appeals for the Ninth Circuit issued its decision denying Stonehill's Rule 60(b) motion, stating that "although the evidence uncovered by the Taxpayers shows some misconduct on the part of the government, it is insufficient to demonstrate fraud on the court." *United States v. Stonehill*, 650 Fed. 3d 415 (9th Cir. 2011).

35. The Ninth Circuit found that the statements made to the court by John J. McCarthy, the attorney who represented the Government in the Stonehill investigation and

7

litigation for more than two decades, "were not forthright. They concealed rather than revealed the true state of affairs known to the government." *Id.* 446.

36. The Ninth Circuit found that the "documents uncovered by Taxpayers through their FOIA requests demonstrate that Hawley [the FBI Special Agent in charge of the Stonehill investigation] lied in his deposition about his knowledge of the raid." *Id* at   The Court concluded that "Hawley's lie concerning what he knew, and when he knew it, likely did not affect the outcome of the case" and that "perjury by a witness does not necessarily constitute fraud on the court." *Id.* at 447-448.

37. The Ninth Circuit found that although there was evidence that Damaso Nocon ("Nocon"), the NBI agent who conducted the raids, "worked for the CIA, especially in connection with wiretapping activities…," the "fact that Nocon, and perhaps Lukban (the NBI Director) at some point worked with the CIA does not make everything they did the action of the U.S. government for purposes of a suppression hearing." *Id.* at 448-449.

38. The Ninth Circuit also found that Stonehill's lawyer William Saunders was an informant and that he "did cooperate with the government." *Id.* at 453-454. The Court concluded that "the government's misrepresentations or false statements made by government witnesses or attorneys were on largely tangential issues and did not substantially undermine the judicial process by preventing the district court or this court from analyzing the case." *Id.*

### October 11, 2018 FOIA Request

39. On October 11, 2018, the undersigned counsel filed an FOIA request on behalf of Mrs. Stonehill, for CIA documents concerning Harry S. Stonehill, Menhart Spielman, Jose Lukban, and Damasco A. Nocon from the time period January 1, 1955 through January 1, 1974.

Letter from R. Heggestad to CIA Information and Privacy Coordinator (October 11, 2018) attached hereto as Exhibit 1.

40. The CIA has never responded to Mrs. Stonehill's October 11, 2018 FOIA request.

41. Because Defendant failed to comply with the time limit set forth in 5 U.S.C.§552(a)(6)(A)-(B), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to her FOIA, pursuant to 5 U.S.C. §552(a)(6)(C).

## COUNT 1

### (Violation of FOIA, 5 U.S. C.§552)

42. Plaintiff realleges paragraphs 1-25 as if fully stated herein.

43. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request, and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in

this action pursuant to 5 U.S.C.§552(a)(4)(E); and grant Plaintiff such other relief as the Court deems just and proper under the circumstances herein.

Dated: 11/16/20                                    Respectfully submitted.

/s/ Robert E. Heggestad

Robert E. Heggestad
D.C. Bar No. 953380
1747 Pennsylvania Ave., NW
Suite 1250
Washington, DC 20006
(202) 733-6726

robert@reheggestad.com